OPINION
{¶ 1} After a jury found James Bryant guilty as charged of rape by force or threat of force, the trial court sentenced Bryant to eight years imprisonment and determined that he was a sexual predator.
 {¶ 2} Appointed appellate counsel filed an Anders brief October 30, 2001. Bryant filed a pro se brief January 16, 2002, to which the state responded April 8, 2002. Although we found no merit in Bryant's pro se assignments of error, we did appoint successor appellate counsel to address "certain deficiencies in the sexual predator determination," citing State v. Eppinger (2001), 91 Ohio St.3d 158 at 166 and State v.Marshall (Nov. 16, 2001), Montgomery App. No. 18587. See Decision and Entry of June 25, 2002.
 {¶ 3} The parties have briefed the identified issue and Bryant advances a single assignment of error and two issues for review as follows:
 "ASSIGNMENT OF ERROR {¶ 4} "1. The trial court improperly classified appellant as a sexual predator.
 "STATEMENT OF THE ISSUES {¶ 5} "1. The trial court failed to follow the `model procedure' for sexual classification hearings.
 {¶ 6} "2. The trial court's decision to designate appellant a sexual predator was not supported by clear and convincing evidence."
 {¶ 7} Bryant contends that the trial court failed to perform the third step of the "model sexual offender classification hearing" described by the supreme court in Eppinger :
 {¶ 8} "Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism."
 {¶ 9} In Marshall, we determined that the failure to perform the third step of the Eppinger analysis is reversible error.
 {¶ 10} The state concedes error on this issue and, accordingly, the sexual predator determination will be reversed, and the matter will be remanded for further proceedings consistent with this opinion.
 {¶ 11} In contending that the sexual predator determination was not supported by clear and convincing evidence, Bryant makes two arguments: (1) the trial court applied a "preponderance of evidence standard" rather than a "clear and convincing evidence" standard; (2) the evidence supporting the trial court's determination is not clear and convincing.
 {¶ 12} The state concedes that the trial court applied the wrong evidentiary standard and the sexual predator determination will be reversed and the matter will be remanded for consideration of the evidence against a clear and convincing evidence standard.
 {¶ 13} Given our resolution of Bryant's first argument, it would be premature for us to now consider the weight of the evidence issue. SeeMarshall, supra.
 {¶ 14} The assignment of error is sustained.
 {¶ 15} The sexual predator determination will be reversed and the matter will be remanded for further proceedings consistent with this opinion.
FAIN, P.J. and BROGAN, J., concur.